**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM QUINN, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 23 CV 447 |
| v. | ) ) | |
| JK BUICK GMC, INC. d/b/a BILL KAY AUTO GROUP, | ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

COMES NOW Plaintiff William Quinn, individually, and on behalf of all others similarly situated, and for his Class Action Complaint against Defendant Bill Kay Auto Group, states:

### BACKGROUND, PARTIES, JURISDICTION AND VENUE

1.     Plaintiff William Quinn ("Quinn") brings this case to protect the privacy rights of himself and a class of similarly situated people who were sent text messages on their phones by Defendant JK Buick GMC, Inc. d/b/a Bill Kay Auto Group ("Bill Kay Auto Group"). Bill Kay Auto Group repeatedly sent text messages to Quinn and the putative class members after Quinn and the putative class members expressly requested that Bill Kay Auto Group stop sending them text messages.

2.     In the early 1990s, Congress enacted the Telephone Consumer Protection Act ("TCPA") to protect consumers' privacy rights, namely, the right to be left alone from

unwanted telemarketing calls. A leading sponsor of the TCPA described unwanted telemarketing calls as "the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

3.      The TCPA affords special protections for people who registered their request to be placed on a company's internal do not call list. Specifically, the TCPA provides that each person who receives more than one call on their cell phone after requesting to be placed on the company's internal do not call list is entitled to recover a penalty of $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

4.      The problem with receiving unwanted telemarketing calls is a problem that most people in this country, like Quinn, frequently face. For example, in 2022 alone, approximately 36.8 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index, https://robocallindex.com/history/time (last visited January 18, 2023). The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, THE WALL STREET JOURNAL, March 28, 2019, https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790-11553770803.

5.      Quinn is an individual who resides in and is a citizen of the State of Illinois.

6.      Quinn brings this action on behalf of himself and all others similarly situated.

7. Bill Kay Auto Group is corporation organized under the laws of Illinois, is headquartered in Illinois, and has been in good standing to transact business in Illinois at all times relevant to this Complaint.

8. Bill Kay Auto Group owns and operates an automobile multiple dealerships in Illinois.

9. Bill Kay Auto Group owns and operates dealerships such as Bill Kay Chevrolet, Bill Kay Corvettes & Classics, Bill Kay Buick GMC, Bill Kay Honda, Bill Kay Nissan and Bill Kay Ford.

10. Bill Kay Auto Group markets its products and services, in part, through sending text message advertisements to consumers' cell phones.

11. Quinn is the owner of a cell phone. His phone number is 630-XXX-2137.

12. Quinn's phone is a residential line that is used primarily for personal purposes, namely, to communicate with friends and family members.

13. Quinn's cell phone account is held in his personal name.

14. On October 22, 2022, Quinn received a text message from Bill Kay Auto Group, stating, "Will, this is Robert Yousef with Bill Kay's Downers Groves Nissan reminding you of our appointment on Saturday, October 22, 2022 12:00 P.M. We look forward to meeting with you."

15. On October 22, 2022, Quinn replied to the text message, "I scheduled no such appointment. Stop."

16.     Bill Kay Auto Group responded to Quinn's request to stop receiving text messages on the same day, stating, "You have successfully been removed from Bill Kay Nissan text messages."

17.     Despite confirming it would no longer send Quinn text messages, Bill Kay Auto Group sent Quinn an additional two marketing text messages on October 31, 2022 and November 3, 2022, as follows:



18.     Quinn never made an inquiry on Bill Kay Group's website after the Bill Kay Group confirmed they would no longer send text messages to Quinn.

19.     Bill Kay Group's conduct violated the privacy rights of Quinn and the

putative class members, as they were subjected to annoying and harassing text messages. Bill Kay Auto Group's texts intruded upon the rights of Quinn and the putative class members to be free from invasion of their interest in seclusion.

20.     Bill Kay Auto Group's conduct caused Quinn and the putative class members to waste time addressing and/or otherwise responding to the unwanted text messages.

21.     On information and belief, Bill Kay Auto Group sent text messages to Quinn and the putative class members for the purpose of selling its products and services.

## Class Allegations

22.     Pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), Quinn brings this lawsuit as a class action on behalf of himself and all others similarly situated. This action satisfies the requirements of Rule 23.

23.     Quinn seeks to represent the following class:

> All persons in the United States who from four years prior to the filing of this action through class certification to whom: (1) Bill Kay Auto Group sent text messages marketing its products, (2) Bill Kay Auto Group sent more than one text message to the person in a twelve-month period, and, (3) Bill Kay Auto Group sent such text messages after the person requested that Bill Kay Auto Group stop sending them text messages.

24.     Quinn reserves the right to add administrative subclasses, or to amend the definition of the proposed class, during the lawsuit proceedings.

25.     The members of the proposed classes are so numerous that joinder of all members is impracticable. Quinn reasonably believes that hundreds or thousands of people have been harmed by Bill Kay Auto Group's actions. The phone numbers of the members

of the proposed class are readily identifiable through records available to Bill Kay Auto Group.

26.     Most members of the proposed class have suffered damages in an amount such that it would make filing separate lawsuits by individual members economically infeasible.

27.     On information and belief, Bill Kay Auto Group has texted and continues to text people who have requested that Bill Kay Auto Group stop calling them, i.e., to be placed on Bill Kay Auto Group's internal do not call list. It is reasonable to expect that Bill Kay Auto Group will continue to send such text messages absent this lawsuit.

28.     Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual members. The questions of law and fact common to the proposed class include, but are not limited to:

a.     Whether Bill Kay Auto Group sent text messages to Quinn and the putative class members after they requested that Bill Kay Auto Group no longer send them text messages;

b.     Whether Bill Kay Auto Group's conduct violates 47 U.S.C. § 227(c);

c.     Whether Bill Kay Auto Group's conduct violates the rules and regulations implementing the TCPA; and,

d.     Whether Quinn and the putative class members are entitled to increased damages for each violation based on the willfulness of Bill Kay Auto Group's conduct.

29.     Quinn's claims are typical of the claims of the proposed class members because his claims arise from the same practice that gives rise to the claims of the members of the proposed class and is based on the same legal theories.

30.     Quinn and his counsel will fairly and adequately protect the interests of the members of the proposed class. Quinn's interests do not conflict with the interests of the proposed class he seeks to represent. Quinn has retained lawyers who are competent and experienced in class action litigation, including TCPA litigation and consumer law.

31.     Quinn's counsel will vigorously litigate this case as a class action, and Quinn and his counsel are aware of their responsibilities to the putative members of the class and will discharge those duties.

32.     A class action is superior to all individual lawsuits for this controversy. Joinder of all proposed members of the proposed class in one action is impracticable if not impossible and prosecuting hundreds or thousands of individual actions is not feasible. The size of the individual claims is likely not large enough to justify filing a separate action for each claim. For many, if not most, members of the proposed class, a class action is the only procedural mechanism that will allow recovery. Even if members of the proposed class had the resources to pursue individual litigation, that method would be unduly burdensome to the courts. Individual litigation could also result in inconsistent adjudications.

33.     In contrast, a class action is superior in that it will benefit the court and litigating parties through efficiency, economy of scale and unitary adjudication resulting from supervision of the litigation by a single court.

34.     Questions of law and fact, particularly the propriety of sending text messages to persons who requested that Bill Kay Auto Group no longer text them, *i.e.*, to place them on Bill Kay Auto Group's internal do not call list, predominate over questions affecting only individual members.

35.     Bill Kay Auto Group has acted or refused to act on grounds that apply generally to the class, making final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole.

## Count I - Violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

36.     Quinn incorporates by reference the allegations of the previous paragraphs as if fully stated in this Count.

37.     The TCPA provides that "a person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may recover $500 for each violation, and up to $1,500 for each violation, if the violation is determined to be willful. *See* 47 U.S.C. § 227(c)(5).

38.     The regulations prescribed under Section 227(c) require companies like Bill Kay Auto Group, who engage in telemarketing to institute "procedures for maintaining a list of persons who request not to receive telemarketing calls on or behalf of that person or entity." *See* 47 C.F.R. § 64.1200(d).

39.     These procedures must meet several minimum standards, including, but not limited to:

**(1)** ***Written policy.*** Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

**(2)** ***Training of personnel engaged in telemarketing.*** Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

**(3)** ***Recording, disclosure of do-not-call requests.*** If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

**(4)** ***Identification of sellers and telemarketers.*** A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

**(5)** ***Affiliated persons or entities.*** In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

**(6)** *Maintenance of do-not-call lists.* A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

*See* 47 C.F.R. § 64.1200(d)(1)-(6).

40.     Bill Kay Auto Group failed to maintain and/or implement these minimum standards by repeatedly sending text messages to Quinn and the putative class members after Quinn and the putative class members requested that Bill Kay Auto Group stop sending them text messages.

41.     In addition, the TCPA allows the Court to enjoin Bill Kay Auto Group's violations of the TCPA's regulations prohibiting calls to phone numbers that should have been placed on Bill Kay Auto Group's internal do not call list. *See* 47 U.S.C. §§ 227(c)(5)(A).

42.     By sending text messages to the phones of Quinn and the putative class members after their numbers should have been placed on Bill Kay Auto Group's internal do not call list, Bill Kay Auto Group violated the TCPA, including, but not limited to, 47 U.S.C. § 227(c) and the TCPA's corresponding regulations.

43.     Bill Kay Auto Group knew or should have known that Quinn and the putative class members did not wish to receive text messages as such persons expressly advised Bill Kay Auto Group that they did not wish to receive text messages from Bill Kay Auto Group.

44.     Quinn and the putative class members are entitled to damages of $500.00 per violation for each text message sent by Bill Kay Auto Group in violation of the TCPA and up to $1,500.00 per violation if the Court finds that Bill Kay Auto Group willfully violated the TCPA.

**Demand for Judgment**

WHEREFORE Plaintiff William Quinn, individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

a.      Enter an order against Defendant Bill Kay Auto Group, LLC pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), certifying this action as a class action and appointing Quinn as the class representative;

b.      Enter an order appointing Butsch Roberts & Associates LLC and the Law Office of James X. Bormes, P.C. as counsel for the class;

c.      Enter judgment in favor of Quinn and the putative class for all damages available under the TCPA, including statutory damages of up to $500 per violation of the TCPA, or up to $1,500 per violation of the TCPA if Bill Kay Auto Group willfully violated the TCPA;

d.      Enter a judgment in favor of Quinn and the putative class that enjoins Bill Kay Auto Group from violating the TCPA's regulations prohibiting Bill Kay Auto Group from sending text messages to persons who have requested that Bill Kay Auto Group stop texting them;

e.      Award Quinn and the class all expenses of this action, and require that Bill Kay Auto Group pay the costs and expenses of class notice and administration; and,

f.      Award Quinn and the class such further and other relief the Court deems just and appropriate.

11

## <u>DEMAND FOR JURY TRIAL</u>

Please take notice that Plaintiff William Quinn demands a jury trial in this case.

Dated:  January 24, 2023                           WILLIAM QUINN, individually and
                                                   on behalf of all others similarly situated,

                                                   <u>/s/ James X. Bormes</u>
                                                   James X. Bormes #6202568
                                                   Catherine P. Sons #6290805
                                                   Law Office of James X. Bormes, P.C.
                                                   8 South Michigan Avenue, Suite 2600
                                                   Chicago, Illinois 60603
                                                   Phone: (312) 201-0575
                                                   Fax: (312) 332-0600
                                                   bormeslaw@sbcglobal.net
                                                   cpsons@bormeslaw.com

                                                   <u>/s/ Christopher E. Roberts</u>
                                                   David T. Butsch #06205434
                                                   Christopher E. Roberts #6302857
                                                   Butsch Roberts & Associates LLC
                                                   231 S. Bemiston Ave., Suite 260
                                                   Clayton, MO  63105
                                                   Tel: (314) 863-5700
                                                   Fax: (314) 863-5711
                                                   butsch@butschroberts.com
                                                   roberts@butschroberts.com