# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM QUINN, individually, and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Case No.: 1:23-cv-00447<br>) |
| v. | ) Hon. Gabriel Fuentes<br>) |
| JK BUICK GMC, INC. d/b/a BILL KAY AUTO GROUP, | )<br>)<br>) |
| Defendant. | ) |

**PLAINTIFF'S UNOPPOSED MOTION AND MEMORANDUM OF LAW IN SUPPORT OF FINAL APPROVAL OF CLASS SETTLEMENT AND AN AWARD OF ATTORNEYS FEES, LITIGATION EXPENSES AND A REPRESENTATIVE SERVICE AWARD**

I.      **Introduction**

Now that class notice has issued and the time for settlement class members to opt-out and object has ended, pursuant to Federal Rule of Civil Procedure 23, Plaintiff William Quinn ("Plaintiff" or "Quinn") submits this brief in support of his unopposed motion for final approval of a class action settlement and for a representative service award and attorneys' fees and litigation expenses. After a robust notice plan was implemented by the settlement administrator, no class members objected to the settlement, nor opted out of the settlement. This tacit approval of the settlement by the class members is not surprising as the settlement achieved a great result for the class members. The settlement provides for more per claimant than many other TCPA settlements. Ultimately, each class member will receive over $1,300.00.

Moreover, the total requested attorneys' fees and litigation expenses of $43,333.33, and a $9,000.00 representative service award are fair and reasonable under Rule 23 and in consideration of the applicable factors.

The elements of Rule 23 remain satisfied and are satisfied at this stage of final approval. The settlement continues to be, as the Court previously held, "fair, reasonable and adequate" (Doc. 50, p. 1). The requested attorneys' fees and litigation expenses and representative service award are also fair and reasonable. The Court should therefore grant final approval of the settlement.

II.     **Relevant Background**

   A.      **The Lawsuit**

A detailed background of the lawsuit and the settlement negotiations were detailed in Plaintiff's Motion for Preliminary Approval. (Doc. 47, pp. 1-4; Doc. 47-2, ¶¶ 12-16). For purposes of brevity, Plaintiff incorporates the background set forth in the Motion for Preliminary Approval into this brief. Ultimately, the settlement terms agreed upon were those agreed to after a mediation

before this Court. (Doc. 47, p. 4; Doc 47-2, ¶ 15; Doc. 50, p. 1). These terms were also only agreed upon after class-wide written discovery were completed. (Doc. 47, pp. 3-4).

### B. Summary of the Settlement Terms

Through the outstanding efforts of Judge Fuentes, the parties were able to agree on the essential terms of a settlement. (Doc. 47, p. 4; Doc 47-2, ¶ 15; Doc. 50, p. 1). The parties then memorialized the terms of their agreement in the parties' Settlement Agreement. (*See* Doc. 47-1). As part of the settlement, Defendant has agreed to pay a total of $130,000.00 for Settlement Class Members' payments, the cost of settlement administration, an incentive payment to Plaintiff and attorneys' fees and litigation expenses. *Id.* at Section 7. Each settlement class member will therefore receive a payment of over $1,300.00.

### C. The Court's Preliminary Approval Order

The Court granted Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement on April 11, 2024. (Doc. 50). The Court certified the following settlement class:

> Those persons who opted out of receiving text messages from or on behalf of JK Buick GMC, Inc. and, thereafter, received one or more text messages from or on behalf of JK Buick GMC, Inc. The settlement class specifically is limited to the fifty-four people identified in the data provided by Defendant to Plaintiff on November 10, 2023.

*Id.* at p. 3.

In preliminarily approving the settlement, the Court found that the settlement class met all the requirements of Rule 23(a) and (b). *Id.* at pp. 1-3. Finally, the Court approved the notice plan proposed by the parties and directed the Administrator to issue notice in accordance with the notice plan provided to the Court. *See id.* at p. 4. Ultimately, the Court concluded that the settlement was "fair, reasonable and adequate" *Id.* at p. 1.

D.  **Class Notice and Settlement Administration**

The Administrator sent notice to the class members on April 25, 2024. Exhibit 1, Declaration of Bryn Bridley, ¶¶ 5-7 ("Bridley Dec."). The notices were via mail to the class members for whom address information was provided, via e-mail to the class members for whom e-mail addresses were provided and a notice was also sent via text message to one class member for whom the administrator did not have a physical address or an e-mail address. *Id*. The settlement website, www.JKTCPASettlement.com, was also available for class members to review contemporaneously with the notices being sent. *Id.* at ¶¶ 9-10. The notice to class members included the notice and claim form approved by the Court. *Id.* at ¶¶ 5-7, Declaration Exhibits A-C. In total, 100% of the class members received notice via either mail and/or e-mail, or text messages. *Id.* at ¶ 8.

The notice identified also identified the settlement website from which class members could obtain more information and a QR Code that would take class members directly to the settlement website. *Id.* at ¶¶ 5-6, Declaration Exhibits A and B. The settlement website includes a digital copy of the notice, a long form notice, the Complaint, the Settlement Agreement, the preliminary approval motion and order granting said motion if they so wished, an option to electronically opt out of the settlement. *Id.* at ¶ 9. The settlement also includes answers to frequently asked questions and critical dates in the case, including the deadline to opt-out of the settlement, object to the settlement, and the date of the Final Approval Hearing. *See id.* The settlement website, in addition to the notice, also included the phone number for the Administrator so that class members could submit questions and inquiries. *Id.*

No class members have objected to or excluded themselves from the settlement. *Id.* at ¶¶ 11-12.

**III.    Argument**

   **A.    This Court Should Grant Final Approval of the Settlement.[1]**

Courts consider the Rule 23(e) factors when determining whether to grant final approval of a settlement. *See* FED. R. CIV. P. 23(e)(1)-(2). Under Rule 23(e)(2), a court may only approve a settlement based on a finding that the proposed settlement is "fair, reasonable and adequate" after considering whether:

   (A)   the class representatives and class counsel have adequately represented the class;
   (B)   the proposal was negotiated at arm's length;
   (C)   the relief provided for the class is adequate, taking into account:
      (i)    the costs, risks, and delay of trial and appeal;
      (ii)   the effectiveness of any proposed method of distributing relief to the class, including the method of processing class member claims;
      (iii)  the terms of any proposed award of attorney's fees, including timing of payment; and
      (iv)   any agreement required to be identified under Rule 23(e)(3); and,

   (D)   the proposal treats class members equitably relative to each other.

FED. R. CIV. P. 23(e)(2).

When considering these factors, the Court should keep in mind the presumption in favor of finding a class action settlement fair. *See generally Young v. Rolling the Dough, Inc.*, 2020 WL 969616, at *3 (N.D. Ill. Feb. 27, 2020) (*quoting Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996)). As set forth in detail below, the Rule 23(e) factors support final approval of the settlement.

---

[1] For purposes of brevity, Plaintiff incorporates his analysis of the Rule 23 (a) and (b) requirements as set forth in his Motion for Preliminary Approval and as determined by the Court in its Preliminary Approval Order. (*See* Doc. 47 *passim*; Doc. 50, *passim*). There have been no factual changes or issues that have arisen in the case leading to a change in the analysis of any of these factors. Thus, as the elements of Rule 23(a) and (b) were satisfied at the preliminary approval stage, they remain satisfied at the final approval stage.

### 1. The Adequacy Of Representation

Plaintiff and Class Counsel have adequately represented the settlement class. Plaintiff was active in the litigation of this case by corresponding with counsel, providing necessary records, responding to discovery and attending mediation. (Ex. 2, Declaration of Christopher E. Roberts, ¶¶ 7, 10). Moreover, Plaintiff's counsel in this lawsuit has significant experience in class actions and complex litigation, including cases brought under the TCPA. (*See* Doc. 47-2, ¶¶ 4-11; Roberts Dec., ¶ 4, 7). Plaintiff's counsel additionally succeeded in securing a settlement with extraordinary relief against a formidable opponent. The "adequacy of representation" factor is thus satisfied.

### 2. The Settlement Was Negotiated At Arm's Length

"A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Am. Int'l Group, Inc. v. ACA INA Holdings, Inc.*, 2012 WL 651727, at *10 (N.D. Ill. Feb. 28, 2012). Here, the parties began settlement discussions after relevant class data was obtained by Defendant from its third-party vendor. (*See* Doc. 47-2, ¶¶ 12-16). Moreover, the essential terms of the settlement were achieved after mediation with Judge Fuentes. *Id.* at ¶ 15; *see generally In re Navistar MaxxForce Engines Mktg., Sales Practices and Prods. Liab. Litig.*, 2020 WL 2477955, at *3 (N.D. Ill. Jan. 21, 2020) (finding settlement was negotiated at arm's length when mediated by a retired federal judge). This factor is also satisfied.

### 3. The Relief Provided to the Settlement Class is Outstanding

The relief provided to the class in this case is outstanding. Each class member who does not opt out of the settlement will receive approximately $1,300.00, without having to submit a claim. (Doc. 47-1, Sections 3 and 7; Doc. 47-2, ¶ 18). This relief is extraordinary compared to other TCPA settlement that have been approved. *See generally In re Cap. One Tel. Consumer*

*Protection Act Litig.*, 80 F. Supp.3d 781, 787, 809 (N.D. Ill. 2015) (granting final approval of a claims made settlement where each claimant would receive approximately $39.66).

### a.    *The Complexity, Expense And Likely Duration Of The Litigation*

"It is common knowledge that class action suits have a well deserved reputation as being most complex." *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977). The instant lawsuit thus could have continued for several additional years in trial and appellate courts absent settlement. For instance, the case *Krakauer v. Dish Network L.L.C.*, was filed in 2014 and received final approval in 2023. *See Krakauer v. Dish Network L.L.C.*, No. 1:14-CV-333, 2023 WL 5237091 (M.D.N.C. Aug. 15, 2023). Ultimately, the settlement should be approved as this settlement "allows the class to avoid the inherent risk, complexity, time and cost associated with continued litigation." *Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 586 (N.D. Ill. 2011).

### b.    *Class Members Have a Simple Way to Receive Relief From the Settlement.*

Under Rule 23(e)(2)(C)(ii), the Court also considers "the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims." FED. R. CIV. P. 23(e)(2)(C)(ii). This factor is particularly concerned with "methods of processing claims so complex that they discourage class members from pursuing valid claims." *T.K. Through Leshore v. Bytedance Tech. Co.*, 2022 WL 888943, at *14 (N.D. Ill. Mar. 25, 2022). Here, there is no concern as class members need not submit a claim, they will simply be mailed a check if they do not opt out of the settlement. (*See* Doc. 47-1, Sections 3 and 7). Unsurprisingly, no class members have objected to or opted out of the settlement. Ex. 1, Bridley Dec., ¶¶ 11-12.

Moreover, the notice plan carried out by the settlement administrator satisfies due process. At final approval, the Court must also determine whether the notice to the class members satisfies due process. *See generally Eisen v. Carlisle & Jacquilin*, 417 U.S. 156, 173-74 (1974) (holding

that providing proper notice serves to satisfy the due process rights of absent class members); *In re Flint Water Cases*, 571 F. Supp. 3d 746, 785 (E.D. Mich. 2021). Due process is satisfied where the notice reasonably apprises the absent class members of their rights and affords them an opportunity "to present their objections." *In re Flint Water Cases,* 571 F. Supp. 3d at 785. Here, notice reached 100% of the class members. Ex. 1, Bridley Dec., ¶ 8. This factor is also satisfied.

### c. *The Stage Of The Proceedings*

The Court's consideration of the stage of proceedings and the nature and extent of discovery in evaluating the fairness of a settlement is focused on whether the parties have obtained sufficient information to evaluate the merits of competing positions. That said, courts "encourage parties to settle class actions early, without expending unnecessary resources." *Ivery v. RMH Franchise Corp.*, 2019 WL 13256098, at *1 (N.D. Ill. July 10, 2019). The parties here engaged in written discovery and exchanged information related to the settlement class. (Doc. 47-2, ¶¶ 12-16). Plaintiff's counsel was therefore well positioned to intelligently assess the merits of the lawsuit.

### d. *The Strength of Plaintiff's Case and the Value of the Settlement*

A critical factor in the fairness inquiry is the court balancing "the strength of the merits of Plaintiffs' case against the value that they will receive from this settlement." *In re TikTok, Inc. Consumer Privacy Litig.*, --F.Supp.3d--, 2022 WL 2982782, at *20 (N.D. Ill. July 28, 2022). Here, the maximum each person could receive under the TCPA is up to $500 per text (and up to $1,500 if a willful violation). The settlement terms are very favorable as each settlement class member will receive approximately $1,300.00.

### e. The Opinions Of Settlement Class Counsel And The Settlement Class Representatives, And The Reaction Of Settlement Class Members.

"The opinion of competent counsel is relevant to the question whether a settlement is fair, reasonable and adequate under Rule 23." *Schulte*, 805 F. Supp. 2d at 586. Here, Plaintiff's counsel recommends the settlement. Ex. 2, Roberts Decl. ¶¶ 13. The Settlement Class Representative, knowing that the proposed settlement will result in approximately $1,300 per settlement class member, is similarly pleased with the proposed Settlement as he agreed to the terms.

### 4. The Settlement Treats Class Members Equitably Relative To Each Other

Last, the settlement treats class members equitably relative to each other. Here, each settlement class member will receive the same amount, $1,300.00.

The requirements of Rule 23 remain and are satisfied at the final approval stage. The Court should therefore grant final approval of the parties' settlement.

### B. The Court Should Approve Class Counsel's Requested Attorneys' Fees and Litigation Expenses and the Requested Representative Service Award for Plaintiff.

Class Counsel also requests a total of $43,333.33 for their attorneys' fees and litigation expenses of $14,332.60. Plaintiff also seeks a representative service award of $9,000.00. The fees and expenses are a total of 33 1/3% of the settlement fund. For the reasons discussed below, these amounts fees are fair and reasonable and should be approved by the Court.

A "typical contingency agreement in this circuit might range from 33% to 40% of recovery." *Leung v. XPO Logistics, Inc.*, 326 F.R.D. 185, 201-02 (N.D. Ill. 2018). Here, pursuant to the parties' agreement, Defendant has agreed to pay, subject to Court approval, an amount no greater than $43,333.33 in attorneys' fees and litigation expenses. Thus, attorneys' fees sought are

approximately 33 1/3% of the aggregate value of the proposed settlement fund.[2] This is within the range of reasonableness for fee awards, particularly given the phenomenal result achieved for the class.

Finally, the payment to Plaintiff of a service award of $9,000 sought here is consistent with awards in this Court. *See, e.g., Castillo v. Noodles & Co.*, 2016 WL 7451626, at *2 (N.D. Ill. Dec. 23, 2016) (awarding $10,000.00 representative service award). obtained a settlement with an aggregate value of $130,000.00. His willingness to serve as class representative, to stay updated on the case, to provide necessary information and records, and to attend mediation, was critical to the litigation. The requested representative service award should therefore be approved.

**IV.    Conclusion**

For the reasons set forth above, the Court should therefore grant Plaintiff's motion and grant final approval of the settlement, including the requested attorneys' fees and litigation expenses and a representative service award. The settlement is fair, reasonable and adequate, and achieved a fantastic result for class members. The settlement and requested fees, expenses and representative service award satisfy the requirements of Rule 23. Ultimately, this Court should grant final approval of a settlement in which each class member will receive over $1,300 and to which no class member objected to the settlement or excluded themselves from the settlement.

Plaintiff therefore respectfully requests the Court: (1) grant final approval of the settlement and find that the requirements of Rule 23 remain satisfied for settlement purposes, and confirm certification of the settlement class; (2) enter final judgment in favor of Plaintiff and the settlement class consistent with the terms of the Agreement; (3) order the Administrator to distribute the fund

---

[2] The United States Supreme Court holds that "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorneys' fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478, (1980).

in accordance with the terms of the Settlement; (4) award Class Counsel attorneys' fees and litigation expenses of $43,333.33; and (5) award Plaintiff a representative service award of $9,000.00.

| | |
|---|---|
| Dated: July 26, 2024 | By: /s/ Christopher E. Roberts<br>David T. Butsch #6205434<br>Christopher E. Roberts #6302857<br>BUTSCH ROBERTS & ASSOCIATES LLC<br>7777 Bonhomme Avenue, Suite 1300<br>Clayton, MO 63105<br>Tel: (314) 863-5700<br>butsch@butschroberts.com<br>roberts@butschroberts.com<br><br>and<br><br>James X. Bormes #6202568<br>Catherine P. Sons #6290805<br>Law Office of James X. Bormes, P.C.<br>8 South Michigan Avenue, Ste. 2600<br>Chicago, Illinois 60603<br>Tel: (312) 201-0575<br>bormeslaw@sbcglobal.net<br>cpsons@bormeslaw.com<br><br>*Attorneys for Plaintiff and*<br>*Putative Class Representative* |

## **CERTIFICATE OF SERVICE**

    I hereby certify that on July 26, 2024, a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

                                          /s/ Christopher E. Roberts