**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM QUINN, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 1:23-cv-00447 |
| v. | ) ) | Hon. Gabriel Fuentes |
| JK BUICK GMC, INC. d/b/a BILL KAY AUTO GROUP, | ) ) ) | |
| Defendant. | ) ) ) | |

**ORDER AND JUDGMENT GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARD OF A REPRESENTATIVE SERVICE AWARD AND AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES**

Upon review and consideration of Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement, Award of a Representative Service Award and an Award of Attorneys' Fees and Litigation Expenses, including the argument of counsel, the Court file, and the parties' respective submissions in this case, the Court hereby grants final approval of the parties' class action settlement. The Court makes the following findings of fact and conclusions of law as set forth in this Order and Judgment.

## I.     Background

This settlement involves claims brought by the Representative Plaintiff William Quinn ("Representative Plaintiff" or "Plaintiff") against Defendant JK Buick GMC, Inc. ("Defendant") for allegedly sending marketing text messages to himself and the settlement class members after he and the settlement class members requested to no longer receive such text messages by texting "stop" or a similar phrase. The Representative Plaintiff alleged these text messages violated

Section 227(c) of the Telephone Consumer Protection Act ("TCPA") and the TCPA's corresponding regulations. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c). Defendant denied these claims. The parties later agreed to settle the case to buy peace and avoid the uncertainty of protracted litigation.

The parties' settlement was only achieved after extensive work by the parties. This case was filed on January 24, 2023. After engaging in written discovery and exchanging data regarding text communications involving Defendant, the parties then resolved the case after a mediation before this Court.

The parties then memorialized the terms of the settlement agreement, a copy of which was provided to the Court and approved as "fair, reasonable, and adequate." The settlement provides that Defendant will pay $130,000 to the members of the Settlement Class, the cost of settlement administration, a class representative service award, and Class Counsel's attorneys' fees and litigation expenses. Settlement class members need not submit a claim to receive payment, and none of the $130,000 will revert to Defendant. This results in a payment of over $1,300.00 per class member.

On April 11, 2024, after reviewing the Court file, Plaintiff's motion for preliminary approval, the parties' settlement agreement, and the proposed settlement class notice plan, the Court found that the parties' settlement satisfied the necessary elements of Federal Rule of Civil Procedure 23(a) and (b) to maintain the case as a class action for settlement purposes and that the proposed settlement was "fair, reasonable, and adequate" under Rule 23.

The Court therefore certified the following class for settlement purposes:

Those persons who opted out of receiving text messages from or on behalf of JK Buick GMC, Inc. and, thereafter, received on or more text messages from or on behalf of JK Buick, GMC, Inc. The Settlement Class is limited to the fifty-four

people identified in the data provided by Defendant to Plaintiff on November 10, 2023.

These persons were and are referred to as the Settlement Class members.

The Parties have since carried out the notice plan directed to the Settlement Class members as set forth in the Court's preliminary approval order. Notice was sent by mail, e-mail and/or text message to 54 (fifty-four) Settlement Class members. No Settlement Class members have objected to the settlement or have opted out of the settlement.

After the time for Settlement Class members to object or otherwise opt out of the settlement expired, the Representative Plaintiff filed his Motion for Final Approval of Class Settlement.

The parties' counsel appeared in person for a final approval hearing on August 5, 2024, at which time the parties discussed the terms of the settlement with the Court. At that time, the 90-day time period for any state attorneys general to object to or raise concerns with the settlement under the Class Action Fairness Act ("CAFA") had not yet passed. So as to allow for the appropriate 90-day time period to pass, the Court ordered the parties to submit a status report on October 30, 2024, which was after the 90-day period has passed. No objections or concerns have been raised by any state attorneys general to the settlement.

This Court finds that the class certification requirements of Rule 23 remain satisfied for settlement purposes. The Court further finds that the settlement (including Class Counsel's requested attorneys' fees and litigation expenses and the Representative Plaintiff's representative service award) remains "fair, reasonable and adequate" and warrants final approval under Rule 23.

## II. The Rule 23(a) and (b) Requirements Remain Satisfied

As set forth in the Court's Order granting preliminary approval, the class certification elements of Rule 23(a) and (b) remain satisfied for settlement purposes. There have been no

developments in this case since this Court's Order granting preliminary approval that warrant this Court deviating from its previous findings.

First, pursuant to Rule 23(a)(1), the number of persons in the Settlement Classes remain numerous so that joinder of all class members is impracticable. FED. R. CIV. P. 23(a)(1). Here, there are 54 Settlement Class Members. *Sorensen v. CHT Corp.*, 2004 WL 442638, at *8 (N.D. Ill. Mar. 10, 2004) (holding that a class of "at least 50 members . . . easily satisfies the numerosity requirement, and courts have certified classes with far fewer members.").

Second, pursuant to Rule 23(a)(2), there remain questions of law or fact common to the class. FED. R. CIV. P. 23(a)(2). Here, Plaintiff represents that there are questions of law or fact common to Settlement Class members, including, but not limited to: (1) whether the marketing text messages sent to the Representative Plaintiff and the Settlement Class members after they texted "stop" or a similar phrase, violate the TCPA, and, (2) whether the Representative Plaintiff and the Settlement Class are entitled to damages under the TCPA.

Third, pursuant to Rule 23(a)(3), the claims and defenses of the Representative Plaintiff remain typical of the claims and defenses of the class members. FED. R. CIV. P. 23(a)(3). Here, Plaintiff represents that the claims of the Representative Plaintiff and the Settlement Class members arise from the same conduct – continuing to receive marketing text messages from Defendant after requesting to no longer receive such messages by texting "stop" or a similar phrase.

Fourth, pursuant to Rule 23(a)(4), the Representative Plaintiff and his counsel continue to protect the interests of the classes fairly and adequately. FED. R. CIV. P. 23(a)(4). The Representative Plaintiff has remained dedicated to this case through the final approval stage. Moreover, Class Counsel, who are well-experienced in class action litigation and TCPA litigation,

continue to show the Court they have been dedicated to the efficient and adjudication of this case, all while achieving great results for the class. Mr. Quinn shall therefore remain as the Class Representative and Christopher E. Roberts and David T. Butsch of Butsch Roberts & Associates LLC and James X. Bormes of The Law Office of James X. Bormes shall remain as Class Counsel.

Fifth, pursuant to Rule 23(b)(3) the common questions discussed above predominate over any questions affecting only individual members. FED. R. CIV. P. 23(b)(3). While Defendant has potential defenses concerning consent obtained from Settlement Class members, Plaintiff represents that common questions that predominate over questions that affect individual Settlement Class members remain. Here, Plaintiff represents that predominance is satisfied as Plaintiff and the Settlement Class member were subjected to the same or similar conduct under the TCPA (i.e. allegedly receiving unwanted text messages after requesting such messages stop) and sustained the same statutory damages.

Finally, pursuant to Rule 23(b)(3), Plaintiff represents that settling this case as a class action is the superior means of adjudicating this case. FED. R. CIV. P. 23(b)(3). Here, Plaintiff represents that the Settlement Class members statutory damage claims are closely related and are not incredibly large, thereby making it unlikely that each Settlement Class member has a strong interest in litigating their claims individually. *See* NEWBERG AND RUBENSTEIN ON CLASS ACTIONS, § 4:69 (6th ed.). The Court further finds that this Court is a desirable forum as both parties are in Illinois and the parties have litigated this case for over a year in this Court without issue. Moreover, no Settlement Class members have objected to litigating this case in this Court. Last, the Court finds that there are no difficulties in maintaining this case as a class action for settlement purposes.

The Court therefore finds that the Settlement Class continues to satisfy the requirements of Rule 23(a) and (b). As such, the Court again certifies the following class for settlement purposes:

Those persons who opted out of receiving text messages from or on behalf of JK Buick GMC, Inc. and, thereafter, received on or more text messages from or on behalf of JK Buick, GMC, Inc. The Settlement Class is limited to the fifty-four people identified in the data provided by Defendant to Plaintiff on November 10, 2023.

## III. The Settlement Warrants Final Approval Under Rule 23(e)

To grant final approval of a class action settlement, the Court must also ensure that the settlement satisfies the requirements of Rule 23(e). *See* FED. R. CIV. P. 23(e).

### A. The Notice Plan Implemented by the Settlement Administrator Satisfies the Requirements of Rule 23(e)(1) and Rule 23(c).

First, as for the class notice, the Court finds that the notice plan that was ordered to be implemented as set forth in the Order granting preliminary approval has been effectively implemented and carried out by the settlement administrator, Atticus Administration, LLC, and that the notice plan has afforded proper due process. *See generally Eisen v. Carlisle & Jacquilin*, 417 U.S. 156, 173-74 (1974) (holding that providing proper notice serves to satisfy the due process rights of absent class members). The class notice, coupled with the settlement website, properly advised the Settlement Class members of their rights, and provided ample due process. Moreover, the notice was effectively delivered via mail, e-mail or text message to 100% of the Settlement Class members. The notice was approved to be an was sent via text message to one Settlement Class member for whom only a phone number was available. In addition, a settlement website was identified in the notice through which the Settlement Class members could review the complaint, settlement agreement, full form notice and the preliminary approval papers (including this Court's order granting preliminary approval). The settlement website also provided answers to frequently asked questions and important dates such as the deadlines to opt out of or object to the settlement and the date of the final approval hearing.

This Court therefore finds that notice was therefore adequately provided to Settlement Class members and was also the best notice "practicable under the circumstances" and complied with the requirements of Rule 23(c) and (e). *See* FED. R. CIV. P. 23 (c)(2)(B), (e)(1).

### B.      Final Approval is Warranted Under Rule 23(e)(2)

Next, under Rule 23(e)(2), a court may only approve a settlement based on a finding that the proposed settlement is "fair, reasonable and adequate" after considering whether:

(A)      the class representatives and class counsel have adequately represented the class;

(B)      the proposal was negotiated at arm's length;

(C)      the relief provided for the class is adequate, taking into account:

 (i)      the costs, risks, and delay of trial and appeal;

 (ii)      the effectiveness of any proposed method of distributing relief to the class, including the method of processing class member claims;

 (iii)      the terms of any proposed award of attorney's fees, including timing of payment; and

 (iv)      any agreement required to be identified under Rule 23(e)(3); and,

(D)      the proposal treats class members equitably relative to each other.

FED. R. CIV. P. 23(e)(2). These factors establish that final approval of the settlement is warranted.

First, as discussed above, the Representative Plaintiff and class counsel have done an outstanding job representing the class. The $1,300 for recovery per class member reflects the dedication and adequacy of Class Counsel and the Representative Plaintiff.

Second, the settlement was negotiated at arm's length. The settlement was only achieved after a mediation with this Court. The Court witnessed no evidence of collusion, and the parties only achieved this settlement after a hard-fought negotiation.

Third, the significant relief afforded to the Settlement Class is adequate considering the costs, risks and delays of continuing to litigate this case, the ease in payment to the Settlement Class members (they need not do anything), and the awarded attorneys' fees.

Last, the settlement treats Settlement Class members equitably relative to each other as each will receive the same amount, over $1,300, as part of this settlement.

The Court therefore finds that the settlement is fair, reasonable and adequate under Rule 23 and warrants this Court's final approval.

## IV.   The Court Approves Class Counsel's Requested Attorneys' Fees and Litigation Expenses and the Requested Representative Service Award.

Class Counsel also requests $43,333.33 in attorneys' fees and litigation expenses and the Representative Plaintiff seeks a representative service award of $9,000.00. The fees and expenses total 33 1/3% of the total non-reversionary settlement fund. The Court finds these fees to be fair and reasonable and awards the requested attorneys fees. *See generally White v. Kroger Ltd. P'Ship*, 2024 WL 3343021, at *3 (S.D. Ill. July 9, 2024) (awarding 35% of settlement funds plus costs).

Plaintiff requests $9,000 as a representative service award for his service as the Representative Plaintiff in this case. Plaintiff has dedicated significant time to helping achieve a commendable result for the class. Mr. Quinn has met with his counsel on numerous occasions, stayed actively involved in the case, responded to written discovery, produced records and attended mediation. This requested service award comports with awards provided other TCPA class actions. *See generally Charvat v. Valente*, 2019 WL 5576932, at *10 (N.D. Ill. Oct. 28, 2019) (granting $25,000 service award). The Court finds the requested representative service award to the Representative Plaintiff for $9,000 to be fair and reasonable.

## V.   Conclusion

The Court hereby enters this Order and Judgment granting Plaintiff's Unopposed Motion for Final Approval of Class Settlement.  After considering the requirements of Rule 23, the Court file, counsel's argument and applicable case law, the Court approves the settlement as fair,

reasonable and adequate and certifies the settlement class defined above and as previously certified.

The Court approves the parties' settlement in accordance with the terms of the settlement agreement previously provided to the Court. The settlement administrator is ordered to distribute payments, upon receipt of payment from Defendant, in accordance with the terms of the settlement agreement. The settlement class members are bound by the terms of this Order and Judgment.

The Court hereby awards the settlement administrator, Atticus Administration, LLC, $5,000.00 for its work in administering the settlement in this case. The Court also finds fair and reasonable, and awards, Class Counsel's requested $43,333.33 in attorneys' fees and litigation expenses and a representative service award to the Representative Plaintiff William Quinn in the amount of $9,000. The payments to the settlement class members, the representative service award, the attorneys' fees and litigation expenses and the amounts owed for settlement administration shall be paid by Defendant on or before November 22, 2024.

Without affecting the finality of this Order and Judgment, the Court reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement.

So Ordered: _____      Date: _October 30, 2024_
Hon. Gabriel Fuentes
United States Magistrate Judge